UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

RESHARD BENARD,

Petitioner,

v.

D. DENHAM, FCI Englewood,

Respondent.

No. 1:18-cv-00128-SKO HC

**ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS WITH LEAVE TO AMEND**

**(Doc. 1)**

### SCREENING ORDER

Petitioner, Reshard Benard, is a federal prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. The petition appears to seek review of a prison discipline decision.

**I.     Preliminary Screening**

Rule 4 of the Rules Governing § 2254 Cases requires the Court to conduct a preliminary review of each petition for writ of habeas corpus. The Court must dismiss a petition "[i]f it plainly appears from the petition . . . that the petitioner is not entitled to relief." Rule 4 of the Rules Governing 2254 Cases; *see also Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990). A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave to be granted. *Jarvis v. Nelson*,

440 F.2d 13, 14 (9th Cir. 1971).

## II. Petitioner Fails to State a Claim

The scope of habeas corpus is prescribed by statute. Section 2241(c) provides that habeas corpus shall not extend to a prisoner unless he is "in custody in violation of the Constitution." The Supreme Court has held that "the essence of habeas corpus is an attack by a person in custody upon the legality of that custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).

Petitioner fails to state a cognizable federal claim, because he does not state any grounds for the petition. Petitioner left the space designated for the grounds for the petition blank on the form for a § 2241 petition. If Petitioner would like the Court to review his petition, he must complete the § 2241 petition and include grounds for the petition.

## III. Petitioner Fails to Name the Proper Respondent

Petitioner names D. Denham, warden of FCI Englewood, as the Respondent in this case. The proper respondent for a habeas petition under 28 U.S.C. § 2241 is the petitioner's warden, because the warden has "day-to-day control over" the petitioner and thus can produce the petitioner. *Brittingham v. United States*, 982 F.2d 378, 379 (9th Cir. 1992).

Based on his address, Petitioner appears to currently be incarcerated at USP Atwater. Therefore, the appropriate Respondent in this case is the warden at USP Atwater, A. Matavousian.

## IV. Conclusion and Order

The Court hereby ORDERS:

1. The petition for writ of habeas corpus shall be dismissed with leave to amend.
2. The Clerk's Office shall send Petitioner a copy of this order and a form for a Petition under 28 U.S.C. § 2241 for Writ of Habeas Corpus by a Person in Federal Custody.

3. Within thirty (30) days of service of this order, Petitioner may file an amended petition. Petitioner shall name as respondent the warden of the institution in which he is incarcerated. Petitioner shall fully complete the form for the amended petition, including all grounds and the facts supporting each ground.

4. If Plaintiff fails to file an amended petition within thirty (30) days from the date of service of this order, the Court will recommend the action be dismissed, with prejudice, for failure to obey a court order.

IT IS SO ORDERED.

Dated: **February 13, 2018**              /s/ *Sheila K. Oberto*
                                          UNITED STATES MAGISTRATE JUDGE