UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RESHARD BERNARD, | No. 1:18-cv-00128-DAD-SKO (HC) |
| Petitioner, | |
| v. | **FINDINGS AND RECOMMENDATIONS TO DENY PETITION FOR WRIT OF HABEAS CORPUS** |
| D. DENHAM, FCI Englewood, | |
| Respondent. | **(Doc. 3)** |

Petitioner, Reshard Bernard, is a federal prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner contends his Due Process rights were violated during a prison disciplinary hearing. The Court referred the matter to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and Local Rules 302 and 304. Having reviewed the record as a whole and the applicable law, the undersigned recommends that the Court deny the petition.

**I.    Background**

On January 5, 2011, the United States District Court for the District of Utah sentenced Petitioner to 240 months' imprisonment for conspiracy to manufacture cocaine base and possession of a firearm by a felon. He is currently incarcerated at the United States Penitentiary ("USP"), Lewisburg, Pennsylvania, with a projected release date of October 8, 2022. The actions underlying

1

the current petition took place at the Federal Correctional Institution ("FCI") Englewood, Colorado.

At the time Petitioner filed his habeas petition, he was incarcerated at USP, Atwater, California.

On October 23, 2016, bureau of prison staff at FCI Englewood conducted a search of

Petitioner's cell and found a bag containing 10 golf-sized bags of a leafy substance in his locker.

Petitioner stated the bags belonged to him, but claimed they contained "Italian spices" that he had

obtained from the prison's kitchen. Prison staff members searched the institution's kitchen to

corroborate Petitioner's claim, but were unable to find any evidence of the "Italian spices."

The incident report stated:

> On October 23, 2016, at approximately 9:40 pm, I was conducting an inventory of
> the property belonging to [Petitioner], after an earlier incident with this inmate that
> resulted in an Incident Report relating to a refusal to obey my orders while
> conducting a routine search of his cell area. As I was conducting the property
> inventory in the E-U Unit Officer's office at approximately 9:40 pm, I found an
> opened bag of Maple Brown Sugar Granola that contained numerous bags of
> suspected contraband. The suspected contraband appeared to be a green leafy
> substance. I had removed this bag from the locker assigned to [Petitioner].

(Doc. 13-2 at 5.)

On October 28, 2016, Technician J. Cooper ("Cooper") of the FCI Englewood's Special

Investigative Support section tested the leafy substance using BOP's standard Narcotics

Identification Kit Polytesting System ("NIK test"). Based on the NIK test, Cooper determined the

substance found in Petitioner's locker was amphetamines.

On November 30, 2016, Disciplinary Hearing Officer ("DHO") K. Nikes conducted a

disciplinary hearing. At the hearing, Petitioner declined a staff representative and did not call any

witnesses or present any evidence. Petitioner made the following statement:

> I had someone go to the kitchen and get me some seasoning. Staff was searching
> my cell and saw the seasoning they wrote me up for disobeying an order. The
> officer saw the seasoning during the search and I told him it was seasoning. That
> is exactly what it was, just seasoning. When they locked me up in SHU they
> searched my property and got the seasoning that was there during the cell search.
> It is not drugs it is Italian seasoning from the kitchen. It was in my locker but it is
> just Italian seasoning.

2

*Id*. at 12.

The DHO reviewed the evidence, including memoranda from the prison staff member who found the substance, the Lieutenant on duty when the bags were found, and Cooper. The DHO made the following findings and conclusions:

> After careful consideration, the DHO found that the inmate committed the prohibited act(s) of Code 113, Possession of Any Drug Not prescribed, based on the greater weight of the evidence. During a search of your property staff found 10 bags of a green leafy substance that tested positive for amphetamine. You admitted to the DHO that you did have the 10 bags of green leafy substance but denied the charge stating the substance was Italian seasoning obtained from the kitchen. The DHO did consider your denial of the charge. You stated to the DHO you had another inmate go to the kitchen and get the seasoning for you. The substance which you admitted to having did test positive for amphetamine using the approved testing method. Additionally, staff searched the kitchen and found no such substance Italian seasoning. By possessing a substance that did test positive for amphetamine you are in violation of Code 113.

*Id*. at 13-14.

As punishment for violating Code 113, the DHO sanctioned Petitioner with loss of 41 days of good conduct time and other visitation and commissary restrictions.

## II.     "Some Evidence Supported the DHO's Finding

In his first ground for habeas relief, Petitioner alleges Cooper "failed to follow procedure in handling evidence. It is the BOP obligation consist[e]nt with my due process that the BOP test the alleged 4.4 ounces of amphetamines at the F.B.I. laboratory to identify exactly the substance." (Doc. 3 at 3.)

### A. Standard of Review

When a prison disciplinary proceeding may result in the loss of good time credits, due process requires that the prisoner receive: (1) advance written notice of at least 24 hours of the disciplinary charges; (2) an impartial hearing body; (3) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (4) a written statement by the factfinder of the evidence relied on and the reasons

3

for the disciplinary action. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1984) (citing *Wolff v. McDonnell*, 418 U.S. 539, 563-67 (1974)). Further, due process requires that a disciplinary decision be supported by "some evidence." *Id*. at 455 (citing *United States ex rel. Vatauer v. Comm'r of Immigration*, 273 U.S. 103, 106 (1927)).

The Supreme Court "has recognized that a governmental decision resulting in the loss of an important liberty interest violates due process if the decision is not supported by any evidence." *Id*. at 455 (internal citations omitted). The "some evidence" standard "is met if 'there was some evidence from which the conclusion of the administrative tribunal could be deduced.'" *Id* (citing *Vatauer*, 273 U.S. at 106). The Court does not need to examine the entire record, independently assess the credibility of witnesses, or weigh the evidence in order to determine whether the standard is satisfied. *Id*. "Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Id*. at 455-56 (internal citations omitted). Therefore, the Due Process Clause does not require the Court to "set aside decisions of prison administrators that have some basis in fact." *Id*. at 456.

**B.  The DHO's Finding Was Properly Supported by "Some Evidence"**

The record reflects that, in this case, the disciplinary hearing complied with the procedural due process requirements delineated by the United States Supreme Court. *See Wolf*, 418 U.S. at 563-72. Petitioner was given more than 24 hours' notice of the disciplinary charges, had an opportunity to call witnesses, and was given a written statement by the DHO of the evidence the DHO relied on and the reasons for the disciplinary action.

Due process also requires that the DHO's decision be supported by "some evidence." *Hill*, 472 U.S. at 455. The standard for reviewing prison disciplinary findings as set forth in *Hill*, is "minimally stringent." *Cato v. Rushen*, 824 F.2d 703, 705 (9th Cir. 1987). The Court will not re-weigh the evidence or make its own assessment as to the credibility of the witnesses. *Hill*, 472 U.S.

4

at 455. If there is any reliable evidence in the record to support the disciplinary findings, the "some evidence" standard is satisfied, and the decision must be upheld. *Powell v. Gomez*, 33 F.3d 39, 40 (9th Cir. 1994); *Hill*, 472 U.S. at 455-56.

The evidence presented at the disciplinary hearing and relied upon by the DHO included that statements of the staff member that found the bags; the lieutenant on duty at the time the bags were found; and Cooper, who tested the substance. Cooper tested the substance and found it positive for amphetamines. The prison staff also took the additional step of checking the kitchen to see if the substance could have originated from there, as Petitioner claimed. For all the reasons contained in the DHO's report, the Court finds that "some evidence" exists to support a finding that Petitioner committed the prohibited act of possession of a drug.

Petitioner alleges the BOP was obligated to send the substance to an FBI laboratory for further testing to confirm the NIK test results. However, Petitioner does not provide, and the Court cannot find, any support for Petitioner's assertion. Further, Petitioner's protestations do not alter the conclusion that the DHO's decision was supported by "some evidence."

III.     **Petitioner's Psychological Harm Claim is Not Cognizable in a Habeas Action**

In his second ground for relief, Petitioner claims his loss of privileges and good conduct time "has put a strain on" him and harmed his relationship with his family. (Doc. 3 at 3.) Petitioner is challenging the DHO's imposition of a loss of one year of visitation privileges, followed by restricted visits for the following year. Petitioner is seeking monetary damages for this claimed psychological harm.

A habeas petition pursuant to 28 U.S.C. §2241 is appropriate to challenge the manner, location, or conditions of a sentence execution. *Hernandez v. Campbell*, 204 F.3d 861, 864 (9th Cir. 2000). Challenges to a prisoner's conditions of confinement must be brought as a civil rights action, rather than through a habeas corpus petition. *Badea v. Cox*, 931 F.2d 573, 574 (9th Cir.

1991). To the extent Petitioner is seeking monetary damages for the alleged violation of his civil rights, the remedy is not available through a § 2241 petition. A federal prisoner seeking monetary damages derived from the conditions of his confinement must bring his claim in a civil rights action rather than a habeas corpus action. An action under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), provides Petitioner with a remedy for violations of his civil rights by federal actors.

Accordingly, the undersigned recommends denying Petitioner's claim for monetary damages.

**IV.     Conclusion and Recommendation**

Based on the foregoing, the undersigned recommends the Court deny Petitioner's Petition for Writ of Habeas Corpus.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C § 636(b)(1). Within **thirty (30) days** after being served with these Findings and Recommendations, either party may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Replies to the objections, if any, shall be served and filed within **fourteen (14) days** after service of the objections. The parties are advised that failure to file objections within the specified time may constitute waiver of the right to appeal the District Court's order. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **November 20, 2018**                    /s/ *Sheila K. Oberto*
                                                  UNITED STATES MAGISTRATE JUDGE

6

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28